UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN DELMARE, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SUNGARD HIGHER EDUCATION INC., a Delaware Corporation; SYSTEMS AND COMPUTER TECHNOLOGY CORPORATION, a Delaware Corporation; and Does 1 to 100,<br><br>　　　　　Defendants. | Case No. 07 CV 1801 W (CAB)<br><br>**PROTECTIVE ORDER** |

　　　　WHEREAS, Plaintiff Donovan Delmare, on behalf of himself and all persons similarly situated ("Plaintiff"), and Defendants SunGard Higher Education Inc. ("SunGard") and Systems and Computer Technology Corporation (which merged into SunGard) (together, "Defendants") are engaged in discovery that will require the production of documents that contain or disclose trade secrets or other confidential technical, business, or financial information; and

　　　　THEREFORE, the parties stipulate to, and apply jointly to the Court for, entry of this Protective Order as follows:

　　　　1.　　This Protective Order shall govern any designated record of information produced

1-IR/440944.1

1  in this action, including all designated deposition testimony, all designated testimony taken at a
2  hearing or other proceeding, interrogatory answers, documents (including, without limitation,
3  computer and electronic files), and other discovery materials (whether produced informally or in
4  response to interrogatories, requests for admissions, requests for production of documents, or
5  other formal method of discovery).

6    2.   Each party shall have the right to designate as confidential and subject to this
7  Protective Order any information, document, or portion of any documents produced by it in this
8  litigation which contains trade secrets or other confidential technical, business, or financial
9  information.  This designation shall be made by stamping each page of the document containing
10 confidential information with the legend CONFIDENTIAL prior to its production or, if
11 inadvertently produced without the legend, by furnishing written notice to the receiving party that
12 the information or document shall be designated as CONFIDENTIAL under this Protective
13 Order.  With respect to all materials provided by one party for inspection by another party's
14 counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies
15 of the materials are requested after inspection and selection by counsel.  Making documents and
16 things available for inspection shall not constitute a waiver of any claim of confidentiality, and all
17 materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the
18 time of the inspection.

19   3.   Each party and all persons bound by the terms of this Protective Order shall use
20 any information or document designated as CONFIDENTIAL only for the purpose of prosecution
21 or defense of this action.  No such party or other person shall use any information designated as
22 CONFIDENTIAL for any purpose other than the prosecution or defense of this action.  The
23 attorneys of record for the parties shall exercise reasonable care to insure that the information and
24 documents governed by this Protective Order are (i) used only for the purposes specified herein,
25 and (ii) disclosed only to persons to whom disclosure of such information and documents is
26 authorized by this Protective Order.

27   4.   Except as otherwise provided by written stipulation of the parties or by further
28 order of the Court, documents or information designated CONFIDENTIAL may be disclosed

1  only to counsel of record and their secretarial and legal assistants and, on a need-to-know basis
2  only and subject to paragraph 5 of this Protective Order, to the parties, to employees of the
3  parties, and to consultants and experts retained by the parties or their attorneys for purposes of
4  this litigation (including, without limitation, persons engaged in the scanning, copying, and/or
5  coding of such information or documents).

6       5.   In no event shall any information or documents designated as CONFIDENTIAL
7  be disclosed to any person other than the parties' counsel and their secretarial and legal assistants
8  pursuant to Paragraph 4 of this Protective Order until such person has executed a written
9  confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective
10 Order, and consenting to be subject to the personal jurisdiction of the United States District Court
11 for the Southern District of California for any proceeding relating to enforcement of this
12 Protective Order, in the form set forth in Exhibit A hereto.

13      6.   Documents and information designated CONFIDENTIAL shall include (a) all
14 copies, extracts, and complete or partial summaries prepared from such documents or
15 information; (b) portions of deposition transcripts and exhibits that contain or reflect the content
16 of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any
17 other writing filed with the Court and exhibits that contain or reflect the content of any such
18 documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance
19 with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in
20 accordance with Paragraph 8.

21      7.   Deposition transcripts, or portions thereof, may be designated as subject to this
22 Protective Order either (1) before or immediately after the testimony is recorded, in which case
23 the transcript of the designated testimony shall be bound in a separate volume conspicuously
24 labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter
25 and all counsel of record, given within ten (10) days after the transcript is received by the witness
26 or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall
27 be responsible for marking the copies of the designated transcript in their possession or under
28 their control as directed by the designating party.  The designating party shall have the right to

exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, counsel of record, the deponent, the parties (or the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

8. With respect to testimony elicited during hearings and other court proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL. Whenever matter designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party claiming such confidentiality may exclude from the room any person who is not entitled under this Protective Order to receive such information, subject to any ruling by the Court respecting the designation of such information as CONFIDENTIAL.

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

10. If a party needs to file any pleading or paper which reflects, contains, or includes any information or document subject to this Protective Order, that party shall apply to the Court for an Order to file such pleading or paper under seal. The application for an Order to file a pleading or paper under seal shall set forth the reasons why such pleading or paper should be filed under seal, but shall not attach the actual pleading or paper containing the CONFIDENTIAL material. If the Court grants the party's application to file the pleading or paper under seal, then the party shall file the pleading or paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the title of the pleading or paper, the party filing materials, the nature of the materials filed, the legend CONFIDENTIAL, and a statement which provides in substance: "Subject to Protective Order issued by United States District Court for the Southern District of California. This should not be opened nor its contents disclosed, revealed, copied, or made public except in compliance with that Protective Order." At the conclusion of

1  this case, the party who filed any materials under seal may apply to the Court for the return of all
2  such material to the party filing it for disposition as provided for in Paragraph 14.

3       11.    Any party may mark any documents or information designated as
4  CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any
5  witness thereon, provided (i) the witness previously has executed a written confidentiality
6  agreement in the form of Exhibit A hereto, (ii) the exhibit and related transcript pages receive the
7  same type of confidentiality designation as the original document, (iii) there is reason to believe
8  this witness has knowledge or information to which such designated material is relevant, and (iv)
9  the witness is entitled to see the document pursuant to the terms of this Protective Order.

10       12.    This Protective Order shall not preclude any party from withholding production of
11  especially sensitive trade secrets even though less sensitive trade secrets may be disclosed under
12  the CONFIDENTIAL designation.  Any party so limiting disclosure shall state, in response to any
13  particular discovery request seeking such trade secrets, that it is doing so on trade secret grounds
14  and provide a general description sufficient (without disclosing the trade secret) to identify the
15  information or documents being withheld.  For documents, such identification shall include the
16  document's date, author, recipients (including carbon copy recipients), and general subject matter.
17  No party is precluded from applying to the Court for an Order permitting the disclosure or use of
18  information or documents otherwise prohibited by this Protective Order, or from applying for an
19  Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the
20  propriety of any confidentiality designation (whether CONFIDENTIAL) and failure to do so shall
21  not preclude a subsequent attack on the propriety of such designation.

22       13.    On any motions challenging the withholding of documents or information or
23  seeking greater disclosure of documents or information designated CONFIDENTIAL than
24  allowed by this Protective Order without court order, the parties will not dispute that their
25  respective burdens of proof shall be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th
26  1384 (1992).  Any withheld material ordered by the Court to be disclosed shall be deemed
27  classified CONFIDENTIAL under this Protective Order unless the Court orders otherwise, and
28  any such order may include additional safeguards to protect the disclosed material from further

disclosure. Any party ordered to disclose information that were initially withheld from production may seek writ review of that order.

14. Upon final termination of this action, including all appellate proceedings, unless otherwise requested in writing by an attorney of record for the designating party to return material designated as CONFIDENTIAL to the party from whom the designated material was obtained, each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record. In addition, within thirty (30) days after final termination of this action, the party who filed and/or lodged any material designated as CONFIDENTIAL under seal may apply to the Court for the return of all such material. If no party applies to the Court for return of the material designated as CONFIDENTIAL within the thirty (30) days, then the Court may destroy the documents or otherwise dispose of the materials as the Court deems appropriate.

15. No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

16. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

**IT IS SO ORDERED**.

Date:   February 4, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN DELMARE, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUNGARD HIGHER EDUCATION, INC., a Delaware Corporation; SYSTEMS AND COMPUTER TECHNOLOGY CORPORATION, a Delaware Corporation; and Does 1 to 100,<br><br>        Defendants. | Case No. 07 CV 1801 W (CAB)<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

    I certify that I have received and carefully read a copy of the Protective Order in the above-captioned case and that I fully understand the terms of the Court's Order. I recognized that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of California for any proceedings involving the enforcement of that Order.

1 | I declare under penalty of perjury pursuant to the laws of the United States and California
2 | that the foregoing is true and correct.  Executed this ____ day of _____, 2008, at
3 | _____, _____.
4 |         Name:                   _____
5 |         Affiliation:            _____
6 |         Business Address:       _____
7 |         Home Address:           _____
8 |         Signature:              _____

-8-

07 CV 1801 W (CAB)