1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN DELMARE, on behalf of himself, and on behalf of all persons similarly situated, | CASE NO. 07-CV-1801 W (CAB) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT** |
| vs. | |
| SUNGARD HIGHER EDUCATION, INC., et al., | |
| Defendants. | |

Plaintiff Donovan Delmare seeks to amend the First Amended Complaint to add a claim under the Labor Code Private Attorney General Act. No opposition having been filed, the Court decides the matter on the papers submitted and without oral argument under Civil Local Rule 7.1(d.1). For the reasons discussed below, the Court **GRANTS** the motion (Doc. No. 26).

## I.   <u>BACKGROUND</u>

On September 13, 2007, Plaintiff commenced this action against Sungard Higher Education, Inc., and Systems and Computer Technology Corporation (collectively,

1   "Defendants").  Plaintiff alleges that Defendants improperly classified Plaintiff and other

2   employees as exempt from overtime, and improperly denied these employees overtime

3   compensation.

4        The original complaint asserted seven causes of action.  On October 23, 2007,

5   Plaintiff filed a First Amended Complaint that eliminated the second cause of action for

6   Failure to Reimburse Expenses in Violation of F.L.S.A. § 207(e)(2).  Plaintiff now seeks to

7   file a Second Amended Complaint adding a cause of action under the Labor Code Private

8   Attorney General Act ("PAGA").

9

10  **II.   DISCUSSION**

11       Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive

12  pleading has been served, a party may amend its complaint only with leave of court and

13  leave "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Granting leave

14  to amend rests in the sound discretion of the district court.  See  International Ass'n of

15  Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).

16  In deciding whether to grant leave to amend, district courts should consider several factors

17  including undue delay, prejudice to the opposing party, futility of the amendment, bad faith

18  and whether the plaintiff has previously amended the complaint.  See Sisseton-Wahpeton

19  Sioux Tribe v. U.S., 90 F.3d 351, 355 (9th Cir. 1996).

20       As an initial matter, the Court grants Plaintiff's motion to amend based on

21  Defendants' failure to file an opposition as required by Civil Local Rule 7.1(f.3.c).  Under

22  this Local Rule, "[i]f an opposing party fails to file papers in the manner required by Local

23  Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other

24  ruling by the court."  The Ninth Circuit has held that pursuant to such local rules, a district

25  court may properly grant a motion for failure to respond.  See generally Ghazali v. Moran,

26  46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely

27  opposition to motion to dismiss where plaintiff had notice of the motion and ample time

28  to respond).  Accordingly, relying on Civil Local Rule 7.1(f.3.c), the Court deems

07cv1801

1   Defendants' failure to oppose Plaintiff's motion to amend as consent to its merits, and the

2   Court **GRANTS** the motion.

3          Aside from Defendants' failure to oppose the motion, the Court also finds that

4   Plaintiff has satisfied the standard for granting a motion to amend.  Here, Plaintiff did not

5   unduly delay in moving to amend the First Amended Complaint.  Plaintiff could not add

6   the PAGA claim until after expiration of the waiting period following notice to the relevant

7   state agency.  The waiting period expired on March 10, 2008, and Plaintiff filed the motion

8   to amend on April 7, 2008.  Thus, Plaintiff moved promptly to amend.

9          Furthermore, having independently examined the other Rule 15 factors, the Court

10  concludes that they also weigh in favor of granting leave to amend.  The proposed

11  amendment will not change the nature of the case.  Additionally, in light of the lack of any

12  opposition to Plaintiff's motion, the Court finds that Defendants will not be prejudiced by

13  the amendment and that the motion to amend is not brought in bad faith. Accordingly, the

14  Court **GRANTS** Plaintiff's motion for leave to amend.

15

16  **III.    CONCLUSION AND ORDER**

17          For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to

18  amend (Doc. No. 26).  Plaintiff is given 5 days from the date of this order to file and serve

19  the Second Amended Complaint, which shall be identical to Exhibit 1 attached to the

20  Declaration of Aparajit Bhowmik.

21          **IT IS SO ORDERED**.

22

23

24  DATED:  May 28, 2008

25                                        _____

26                                        Hon. Thomas J. Whelan
                                          United States District Judge
27

28